**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>    **Plaintiff**<br><br>          **v.**<br><br>**ANGEL RIVERA-RODRIGUEZ**<br>    **Defendant** | **Criminal No. 05-374(JAG)**<br>[Re: Criminal No. **04-53(JAG)**] |

**MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION**
**RE:  RULE 11 PROCEEDINGS (PLEA OF GUILTY)**

**I.     Personal Background**

On November 1, 2005,[1] defendant Angel Rivera-Rodríguez ("Rivera"), agreed to waive his right to be charged by a Grand Jury and requested to plead guilty to a one-count Information charging him with violation to Title 21 U.S.C. § 952(a), to wit: knowingly and intentionally importing into the United States 290 grams (gross weight) of cocaine.  **In open court defendant Rivera was advised of his right to have his case examined by the Grand Jury and, while assisted by counsel, he waived the same.  A written waiver and consent signed by defendant was filed.**

Previously, on September 20, 2005, defendant Rivera had filed a written motion to enter a plea of guilty as to Count One of the Indictment in Criminal No. 04-53(JAG), which was referred to this Magistrate-Judge. *United States v. Williams,* 23 F.3d 629 (2nd Cir.), *cert. denied,* 115 S.Ct. 641 (1994) (where defendant consented to magistrate-judge taking his guilty plea to felony, delegation to magistrate did not contravene Article III of the United States Constitution); *United States v. Ciapponi*, 77 F.2d 1247 (10th Cir. 1996).

---

[1] Defendant was charged on January 30, 2004, in Criminal No. 04-53(JAG) in a two-count Indictment. Defendant Rivera appears charged in Counts 1 and 2 with violations to Title 21 U.S.C. §§ 841, 846, 952.

The Change of Plea Hearing to the charges filed within the Information was held on November 1, 2005.

## II.     Consent to Proceed Before a Magistrate-Judge

On November 1, 2005, while assisted by counsel and an interpreter, the defendant, by consent, appeared before me in order to change his previous not guilty plea, entered on February 4, 2004 (see Criminal No. 04-53(JAG), Docket No. 19), to a plea of guilty as charged in **Count One of the Information.**

In open court the defendant was questioned as to the purpose of the hearing being held.  Rule 11(c); *United States v. Cotal-Crespo*, 47 F.3d 1, 5 (1st Cir. 1995) ("At a minimum, Rule 11 requires that court address defendant personally in open court . . ."). Upon confirming his intent to plead guilty, the defendant was advised of his right to have all proceedings, including the change of plea hearing, before a District Judge.  Defendant was further given notice of:  (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and was advised of the possible penalties for committing perjury; and (c) his right to have the change of plea proceedings presided by a District Judge instead of a Magistrate-Judge.

In open court the defendant unequivocally reinstated his consent to have the change of plea hearing before this Magistrate-Judge, a decision he had previously discussed with his counsel, with whom he states to be satisfied.  *See* Rule 11(c)(5); *United States v. Deeds,* 125 F.3d 261 (5th Cir. 1996);*United States v. Ciapponi*. 77 F.3d at 1250 (10th Cir. 1996) (magistrate-judge may conduct felony plea proceeding with defendant's express consent);*United States v. Williams*, 23 F.3d 629 (2nd Cir. 1994); *United States v. Bryson*, 981 F.2d 720 (4th Cir. 1992) (consent to proceed before United States magistrate-judge must be clear, unequivocal and unambiguous); *United States v. Khan*, 774 F.Supp. 748 (E.D.N.Y. 1991) (taking of guilty pleas may be referred to United States magistrate-judges upon consent

of defendant and referred is valid even if United States Attorney does not consent to referral).  *See also United States v. Dees*, 125 F.3d 261 (5th Cir. 1997).

**III.     Proceedings Under Rule 11, Fed.R.Crim.P.**

    **A.  Compliance With Requirements Rule 11(c)(1)**

Defendant was advised of the nature of all offenses for which he was being charged.  More so, of the charges and allegations contained in **Count One of the Information,** the offense to which he is pleading guilty.

To this Magistrate-Judge's detailed and specific questioning, **defendant Rivera admitted he imported 290 grams (gross weight) of cocaine from St. Marten for further distribution in Puerto Rico.**  *See United States v. Martínez-Martínez*, 69 F.3d 1215, 1220 (1st Cir.1995) (court's personal examination of defendant required to ensure defendant's understanding of charges against him) (citing *United States v. Martínez-Molina*, 64 F.3d 719 (1st Cir. 1995)).

**In response to further questioning, defendant explained he understood that if convicted as charged in Count One of the Information he was exposed to a possible maximum term of twenty (20) years of imprisonment, and/or fined in the amount of  one million dollars ($1,000,000.00) and that a supervised release term of at least three (3) years could be imposed.**

Defendant  acknowledged that he was to pay a monetary assessment fee in the amount of $100.00 (18 U.S.C. §§ 3583 and 5033).

Defendant was advised that sentence was a matter solely for the Court to decide and warned that if, in the Court's discretion, the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea.

Defendant was explained what a monetary assessment fee and supervised release term constitute. As well, he was advised that in passing sentence the Court had to consider the criteria fixed by the sentencing guidelines; the factors to be considered under such guidelines; the fact that the Court could abide by the recommended sentencing range or depart from that range, provided that findings were made; and that, in doing so, the Court could and would consider all relevant facts outlined by the defense, the prosecutor and the probation officer.

Emphasis was made on the fact that at this stage no prediction or promises as to the sentence to be imposed could be made by anyone. Defendant was further advised that any sentencing guideline computation and/or sentencing recommendation contained in the plea agreement was only a recommendation to the Court. Defendant affirmed that, aside from the sentencing recommendation presented in the plea agreement, no promises, threats or predictions as to what sentence will be imposed have been made.

### B. Admonishment of Constitutional Rights

Counsel for defendant stated having advised defendant of his constitutional rights. Defendant agreed with counsel's statements and assured that he had understood his explanation.

To assure defendant's comprehension and full awareness of his rights, defendant was advised of his right to:

1. Remain silent and be presumed innocent, inasmuch as it is the government who has the burden of proving **all** elements of the offense charged.

2. Testify or not to testify at trial, inasmuch as no adverse inference could be drawn from his decision not to testify.

Criminal No. 05-374(JAG)                      Page No. 5

3.      A speedy trial before a District Judge and a Jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, challenge the government's evidence, the circumstances surrounding his arrest and the voluntariness and admissibility of any statement he might have given.

4.      Have a verdict rendered by an unanimous jury which subjected the government to the burden of convincing twelve persons of defendant's guilt beyond reasonable doubt by means of competent evidence.

5.      Use the subpoena power of the Court to compel the attendance of witnesses, location and production of identifiable evidence he could use on his behalf.

6.      Be assisted and remain assisted by counsel throughout all stages of the proceedings, including trial and sentencing.

Upon listening to defendant's particularized responses, observing his demeanor and corroborating with counsel, that to the best of counsel's belief defendant had fully understood his rights as explained to him prior to the hearing, it is determined that defendant is fully cognizant of his constitutional rights, which he stated he had understood and previously discussed with counsel. *See United States v. Cotal-Crespo*, 47 F.3d at 4 (due process requires that guilty plea amount to voluntary relinquishment of known right) (citing *McCarthy v. United States*, 394 U.S. 459, 466 (1969)).

Defendant was given the opportunity to seek further clarification, if needed, from either counsel or this Magistrate-Judge. Defendant declined said opportunity asserting he fully understood his constitutional rights. (*See* Rule 11(c)(2) and (3).)

### C. Consequences of Pleading Guilty

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the Court, he will be giving up (waiving) his right to:

1. Remain silent inasmuch as he would be called to state for the record why he considered himself guilty and respond to the Court's questions regarding the elements of the offense charged.

2. See and cross-examine the government witnesses inasmuch as the Court was to examine the government's proffer to pass upon the sufficiency of the government's evidence but no witnesses were to be called for him to cross-examine.

3. Present evidence on his behalf and be presumed innocent and that he was to be adjudged guilty based upon his admissions.

4. Challenge the government's evidence or petition the Court to have all or some of the government's evidence suppressed or excluded.

Furthermore, defendant Rivera was re-admonished of the fact that by pleading guilty he was not to be allowed later on to withdraw his plea because he eventually might disagree with the sentence imposed, and that if under any kind of supervision (probation, parole or supervised release) that privilege could be revoked and he could be required to serve an additional term of imprisonment.

To specific questions of this Magistrate-Judge, defendant acknowledged that the decision of pleading guilty is one he has pondered for quite some time and that he authorized his attorney to engage in plea bargaining negotiations after having examined the government's evidence against him and having discussed with counsel his legal options and sentencing alternatives as well.

Being fully satisfied that defendant was fully aware of the nature of the charges pending against him, the minimum and maximum penalties prescribed by law, his constitutional rights and the consequences of him waiving these rights, we consider his plea one that is voluntary, knowingly and intelligently made.

### D. Plea Agreement

The parties have entered into a written plea agreement that, upon being signed by the government, defense attorney and defendant, was filed and made part of the record.

The plea agreement essentially provides a detailed description of the offenses and the sentencing guidelines calculation to which the attorneys and defendant have agreed.

Defendant was clearly warned and recognized having understood that:

1. The plea agreement is not binding upon the sentencing court inasmuch as the sentencing court is not a part of the plea agreement.

2. The plea agreement is an "agreement" between the defendant, defense attorney and the attorney for the government which is presented as a recommendation to the Court in regards to the applicable sentencing adjustments and guidelines and the final disposition of remaining counts.

3. The agreement provides a sentencing recommendation and/or anticipated sentencing guideline computation, that can be either accepted or rejected by the sentencing court.

4. In spite of the plea agreement and any sentencing recommendation contained therein, the sentencing court retains full discretion to reject such plea agreement and impose any sentence up to the possible maximum penalty prescribed by statute.

5. Even though the parties have presented a projected sentencing guidelines computation and have further stipulated to certain sentencing adjustments, the Court is not bound to those computations inasmuch as such determination is contingent to the evidence and factors that the sentencing court will evaluate prior to sentencing.  More so, such assessment is contingent to a final determination of what defendant's criminal history category will be.[2]

6. This plea agreement is binding upon the U.S. Attorney's Office in this district but not upon any other federal or state agency or court.

7. The plea agreement contains all clauses and portions of the agreement.  Thus, defendant was clearly warned that there are no other verbal agreements or promises made by the defense attorney or the prosecutor.  No representations whatsoever in regards to the plea agreement have been made by the Court.

8. The government has reserved its rights to provide information available to the U.S. Probation Office while preparing the pre-sentence investigation report, to provide its version of the facts and seek resolution of any sentencing dispute (factual or legal) that may arise.

9. The Court may not suspend the imposition or execution of sentence.

10. Parole has been abolished, thus any term of imprisonment imposed will be the actual term to be served by the defendant, except for any time credit to which defendant may be entitled by law.

---

[2] The U.S. Supreme Court issued its decision in *United States v. Booker,* 543 U.S. — , 125 S. Ct. 738 (2005), has determined that the sentencing guidelines are advisory in nature, that sentencing enhancements are to be either determined by a jury or admitted by the defendant and that the new directives in regards to the defendant's Sixth Amendment rights and its remedial interpretation of the Sentencing Act are extensive to all cases on direct review.

In defendant's particular case the plea agreement reflects that the parties have determined that the applicable sentencing base offense level (BOL) is that found under § 2D1.1(11) which provides for a BOL of 18. The parties have further agreed that:

    a. a three (3) level adjustment is applicable, pursuant to § 3E1.1, provided defendant accepts responsibility for the offense charged;

    b. should defendant meet all the requirements of the "safety valve" provision, pursuant to § 5C1.2, a further two (2) level adjustment is warranted[3]; and

    c. since the defendant's participation in the offense was a "minor" participant, a two (2) level adjustment is applicable.

Thus, the total adjustments will provide for an adjusted offense level (AOL) of 11. Assuming a criminal history category (CHC) of "I," the applicable sentencing guideline would be from eight (8) to fourteen (14) months of imprisonment. The government will leave the sentence to the sound discretion of the Court.

The parties did not stipulate defendant's criminal history category (CHC) which will be determined after considering the pre-sentence investigation report.

Defendant Rivera agrees that if this Honorable Court accepts this Plea Agreement and sentences him according to its terms and conditions, he waives and surrenders his right to appeal the judgment and sentence in this case.

---

[3] Defendant was specifically admonished that entitlement to this two (2) level credit is subject to the full satisfaction of five requirements under which he may not have: a) a prior record (at least not more than one criminal history point); (b) used violence of threats; (c) engaged in killing or murder or causing serious bodily injury to anyone; (d) been a leader or organizer; and (e) must have provided truthful information to the government prior to sentencing.

The written plea agreement was filed and made part of the record (**Docket No. 4**). *See United States v. Molina*, 942 F.2d 808 (1st Cir. 1991) (plea agreement is a recommendation that does not bind the court). Defendant acknowledged having understood this explanation.

### E.  Government's Evidence (Basis in Fact)

The government presented, as described in the Information, a proffer of its evidence with which the defendant concurred.

Counsel for defendant clearly asserted having received full discovery from the government and being in full agreement with the government's proffer inasmuch as he had no evidence to rebut the same. The government has filed a written version of the facts, wherein defendant's role within the crime charged is described. Defendant expressed his agreement with such version in open court, and proceeded to sign the Government's Version of the Facts. Defendant further verified having discussed said version with his attorney prior to this hearing. **Defendant Rivera admitted, as alleged by the government, that on or about December 28, 2002, he imported into Puerto Rico from St. Marten 290 grams (gross weight) of cocaine for further distribution in Puerto Rico.** The Government's Version of Facts was filed and made part of the record (**Docket No. 4**).

Accordingly, it is determined that there is a basis in fact and evidence to establish all elements of the offense charged. *See United States v. Martínez-Martínez*, 69 F.3d at 1220 (defendant's admission to government's statement of facts sufficient to ensure defendant's understanding of charges); Rule 11(f) Fed.R.Crim.P.

### F.  Voluntariness

Throughout the proceedings defendant Rivera stated that he understood his rights and recognized he had imported an illegal substance into the United States.

He accepted that no leniency had been promised, no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty. *See United States v. Cotal-Crespo*, 47 F.3d at 4 (voluntariness or absence of coercion is one of "core concerns" of Rule 11 procedures).

Defendant clarified and stated for the record he had had ample opportunity to discuss his case with his counsel who had explained to him the nature of the charges, the possible maximum penalties, his constitutional rights and consequences of his plea. Defendant was given and declined an additional opportunity to consult any other matter with his counsel prior to entering his plea.

Defendant stated he was satisfied with the legal services provided by his counsel.

## IV.   Conclusion

The defendant, by consent, has appeared before me pursuant to Rule 11, Fed.R.Crim.P., and has entered a plea of guilty to **Count One of the Information** charging a violation to 21 U.S.C. § 952.

After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, it is determined that the defendant (a) is competent to enter this plea and is fully oriented as to time, space and person; (b) is aware of the nature of the offenses charged and the maximum statutory penalties that the same carries; (c) understands that the charges are supported by the government's evidence; (d) has admitted to every element of the offense charged; and (e) has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. *See*, *United States v. Isom*, 85 F.3d 831, 835 (1st Cir. 1996) (core concerns of Rule 11 proceedings are: 1) absence of coercion; 2) the defendant's understanding of the charges; and 3) defendant's knowledge of the consequences of the guilty plea).

Therefore, it is **RECOMMENDED** that this Court accept defendant's guilty plea as to **Count One of the Information** and that defendant be adjudged guilty and have sentence imposed accordingly.

**A presentence investigation report was ordered. Defendant was notified, in open court, that the sentencing date has been set for February 3, 2006, at 10:30 AM, before the Honorable Judge Jay A. García-Gregory.**

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of its receipt. Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation is a waiver of the right to review by the District Court. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980). The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge. *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

**SO RECOMMENDED.**

At San Juan, Puerto Rico, this  day of 17th day of November, 2005.

                              S/**AIDA M. DELGADO-COLON**
                              **U.S. Magistrate-Judge**